**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION**

**CIVIL ACTION NO: 4:07CV-105-M**

**BILLY JOSEPH FRENCH**                                                 **PLAINTIFF**

**v.**

**DAVIESS COUNTY, KENTUCKY, et al**                             **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon a renewed motion by the defendant, William Scott Chapman, M.D. ("Chapman"), for partial summary judgment [DN 109]. Also before the Court are motions by the plaintiff, Billy Joseph French ("French"), for reconsideration [DN 110] and to certify class [DN 79]. In a prior Memorandum Opinion [DN 108], the Court reserved ruling, in part, upon the defendants' motions for summary judgment [DN 74, 75, and 78]. These matters are now ripe for decision.

**I. INTRODUCTION**

French's claims arise out of allegations that the defendants were deliberately indifferent to his serious medical needs while incarcerated at the Daviess County Detention Center. He contends that nurses at the facility failed to dispense lawfully prescribed Lorcet and Xanax pursuant to a no-narcotics policy. He argues that these policies were created by Byrd and Chapman, and that Osborne and Daviess County knowingly acquiesced in the enforcement of the policy. In its prior order, this Court found that French failed to show that he was deprived of a right secured by the constitution–an essential element to a claim arising under 42 U.S.C. § 1983. Summary judgment

upon French's § 1983 claim was entered in favor of Byrd, Osborne, and Daviess County.[1] Relying upon this finding, Chapman has moved for partial summary judgment. In response, French requests that the Court reconsider its prior order. Unless the Court grants French's motion to reconsider, summary judgment in favor of Chapman is appropriate. See Hayden v. Rhode Island, 13 F. App'x 301, 302 (6th Cir. 2001) (except in extraordinary circumstances, "findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation.").

## II. RECONSIDERATION

The Sixth Circuit recognizes that a district court may reconsider an interlocutory order[2] both under the common law and Federal Rule of Civil Procedure 54(b). Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 F. App'x 949, 959 (6th Cir. Feb. 6, 2004). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." Id. (citing Reich v. Hall Holding Co., 990 F. Supp. 955, 965 (N.D. Ohio 1998)). See also United States v. Lexington-Fayette Urban County Gov't, No. 06-386-KSF, 2008 WL 4490200, at *1 (E.D. Ky. Oct. 2, 2008); Edmonds, 2008 WL 3820432, at *2.

Applying this standard, the Court finds no reason to reconsider its prior order. French raises many of the same arguments he did in response to the defendants' motions for summary judgment and each of the concerns raised by French in his motion were addressed by the Court in its

---

[1] The Court reserved ruling upon the plaintiff's state law claims pending Chapman's renewed motion for summary judgment.

[2] There is some confusion between the parties as to the Rule under which the plaintiff brings his motion to reconsider. As there has been no judgment in this matter, i.e. "a decree [or] any order from which an appeal lies[,]" Fed. R. Civ. P. 54(a), the relief the plaintiff seeks is only available under Rule 54(b), see Edmonds v. Rees, No. 3:06-CV-P301-H, 2008 WL 3820432, at *2 (W.D. Ky. Aug. 13, 2008) ("both Rule 59 and Rule 60 are only applicable to final orders or judgments.") (citation omitted).

Memorandum Opinion. In that Memorandum Opinion, the Court found no evidence to establish that the nurses, in failing to administer narcotic pain medication to French, deliberately ignored orders of French's physician or did so pursuant to Byrd's no-narcotic policy. To the contrary, the nurses at the jail took steps to verify French's medication. When the nurses contacted and requested that French's family bring his medication to the jail, the family only brought blood pressure medication. And when the nurses contacted French's primary care physician, the physician only gave instructions regarding French's blood thinning condition. Moreover, the Court concluded that the plaintiff failed to establish that using a Valium detoxification protocol to taper French off Xanax was inappropriate.[3] These findings hold true even in light of the evidence presented by the plaintiff in his motion to reconsider. And although the plaintiff disagrees with these findings, it is more appropriate for him to challenge those findings by way of appeal rather than by rehashing the same arguments in a motion to reconsider. See Davison v. Roadway Express, Inc., 562 F. Supp. 2d 971, 985 (N.D. Ohio 2008) (a motion to reconsider "is not designed to give an unhappy litigant an opportunity to relitigate matters already decided; nor is it a substitute for appeal."). Accordingly, the Court will deny French's motion to reconsider and will grant Chapman's motion for partial summary judgment.[4]

---

[3] Under the plaintiff's interpretation of the summary judgment standard, the Court should not consider any testimony of the defendants or the defendants' employees. But the Court must consider that testimony in order to determine whether the defendants have met their burden "of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). See also Sanford v. Shea, 103 F. App'x 878, 879 n.1 (6th Cir. 2004) ("Moreover, summary judgment would never be proper under Plaintiff's proposed reading of Rule 56 because the district court would always disregard all the movant's evidence. Such a reading renders the entire rule superfluous and we, of course, decline to adopt such a reading.")

[4] Having dispensed with the claims over which the Court has original jurisdiction, it declines to exercise supplemental jurisdiction over the plaintiff's additional state law claims. 28 U.S.C. § 1367(c)(3); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

1. The motion by the plaintiff, Billy Joseph French, for reconsideration [DN 110] is **DENIED**.

2. The motion by the defendant, William Scott Chapman, for partial summary judgment [DN 109] is **GRANTED**.

3. The reserved portions of the defendants' motions for summary judgment [DN 74, 75, and 78] are **GRANTED**.

4. The plaintiff's motion to certify class [DN 79] is **DENIED as moot**.

A judgment will be entered consistent with this Memorandum Opinion and Order.


cc:     Counsel of Record